UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LOGAN LAKE,

    Plaintiff,

v.

HAMMOND POLICE DEPARTMENT, DANIEL SMALL, USDC STATE OF INDIANA, LAKE COUNTY SUPERIOR COURT, REGINALD W. MARCUS, KATHLEEN A. SULLIVAN, NATALIE BOKOTA, and DIANE ROSS BOSWELL,

    Defendants.

CAUSE NO. 3:21-CV-231 DRL-MGG

OPINION AND ORDER

Logan B. Lake, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983 against eight defendants. ECF 32. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

In his amended complaint, Mr. Lake asserts that his rights under various federal and state constitutional and statutory provisions were violated when he was convicted

of murder in 2011 in Lake Superior Court, Case Number 45G03-1003-MR-00002. ECF 32 at 2. He asserts the defendants violated the following provisions:

> Civil Rights Act of 1964, Title 42 Section 1983 USCA, Foreign Sovereign Immunities Act of 1976, Title 28 Section 1330 USCA, Federal Question of the Constitution 4th and 14th amendments, Title 28 Section 1331 USCA, Diversity Illinois State Citizen Jurisdiction of American Mr. Lake, Title 28 Section 1332 USCA, Admiralty, maritime and prize cases, Title 28 Section 1333 USCA, Perjury, Title 28 Section 1621 USCA (Contrary to 35-44.1-2-1 Ind. Code), Practicing Law Prohibited, [and] Title 28 Section 607 USCA (Contrary to Title 33-28-5-3 Ind. Code).

*Id*. It is clear from his amended complaint that Mr. Lake is unhappy with his murder conviction, his direct appeal, and his post-conviction proceedings, and seeks to hold the eight defendants he has named in his amended complaint accountable for his conviction. *Id*. at 3-13. His allegations boil down to his belief that the Lake Superior Court did not have jurisdiction to hear his case, the prosecutor lied about the evidence at trial and mislead the jury, the judges ignored crucial pieces of evidence, the Hammond Police Department engineered a malicious and fraudulent prosecution, and the physical and DNA evidence showed he did not commit the murder. *Id*. at 2-13. Mr. Lake requests that he be acquitted of the murder charge and be awarded $3.5 billion in compensation. *Id*. at 13.

Mr. Lake cannot proceed on his claims for several reasons. First, to the extent he is challenging his confinement and seeking release from prison, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Mr. Lake has already filed a habeas petition in this court in *Lake v. Warden*, 3:21-CV-192-JD-MGG (N.D. Ind. filed Mar.

18, 2021). Because Mr. Lake filed the petition more than three years late, the court denied the petition as untimely and dismissed his case.

Mr. Lake also seeks monetary damages as a result of these alleged wrongs. In *Heck*, the Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87; *see also Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997) (observing that *Heck* applies to a civil rights suit premised on the "invalidity of confinement pursuant to some legal process, whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment"). Mr. Lake does not allege, nor can it be plausibly inferred, that his murder conviction has been vacated on appeal, set aside, or otherwise called into question. Indeed, Mr. Lake's habeas petition was dismissed by this court. Unless and until that occurs, Mr. Lake cannot pursue a claim that would undermine the validity of his 2011 murder conviction.

As a final matter, Mr. Lake has filed a document titled "60(b) Motion for Summary Judgment and Trial." ECF 26. Because Mr. Lake's amended complaint does not state a claim, the motion will be denied as moot.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to

3

deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, the court:

(1) DENIES AS MOOT Logan B. Lake's motion titled "60(b) Motion for Summary Judgment and Trial" (ECF 26);

(2) DISMISSES this case under 28 U.S.C. § 1915A; and

(3) DIRECTS the clerk to close this case.

SO ORDERED.

January 25, 2022                                             *s/ Damon R. Leichty*
                                                             Judge, United States District Court